JAMES LLOYD PHILLIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Phillips v. Comm'r
Docket No. 14567-16 United States Tax Court
2017 Tax Ct. Memo LEXIS 229; November 20, 2017, Filed
Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.
*229 Docket No. 14567-16 Filed November 20, 2017.
James Lloyd Phillips, pro se.
Skyler K. Bradbury, for respondent.
MEMORANDUM OPINION
GERBER, Judge: Pursuant to Rule 1211 respondent, in a motion filed
August 30, 2017, moved for summary judgment, and petitioner, in a response filed
October 19, 2017, asked the Court to deny respondent's motion.
1Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure and section references are to the Internal Revenue Code.
- 2 -
[*2]Background
This case emanated from a notice of deficiency respondent issued for
petitioner's 2014 taxable year, in response to which petitioner timely filed a
petition with this Court. Respondent's sole determination was that petitioner's
failure to pay the alternative minimum tax (AMT) resulted in a $2,058 tax
deficiency. Respondent did not question any other item on the 2014 return, and it
was in all other respects accepted as filed.
Petitioner reported $87,899 of salary and claimed the following itemized
deductions on a Schedule A, Itemized Deductions: a $35,652 medical and dental
expense and $24,015 in unreimbursed employee expenses, no part of which
respondent disallowed. Respondent simply contends that petitioner *230 is liable for
the AMT as a matter of law. Petitioner contended in his petition that respondent
"[d]id not allow itemized deductions and business travel expenses associated with
the income being taxed. Now, living off Social Security and small Federal
Retirement so cannot pay so need some relief." In his October 19, 2017, response
to the motion for summary judgment, petitioner did not make any further argument
as to why he does not owe the AMT. The main thrust of petitioner's arguments is
that respondent is unreasonable, petitioner wants his day in court, and he cannot
afford to pay the tax.
- 3 -
[*3]Discussion
Summary judgment may be granted when there is no genuine dispute of
material fact and a decision may be rendered as a matter of law. Rule 121(b);
Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965
(7th Cir. 1994). The opposing party cannot rest upon mere allegations or denials
in his pleadings but must "set forth specific facts showing that there is a genuine
dispute for trial." Rule 121(d). The moving party bears the burden of proving that
there is no genuine dispute of material fact, and factual inferences will be read in a
manner most favorable to the party opposing summary judgment. Dahlstrom v.
Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340,
344 (1982).
Respondent, in his motion, lays *231 out the statutory framework for the AMT in
sections 55 and 56. Specifically, respondent explains that in computing the AMT
as relevant to this case, section 56(b)(1)(A) and (B) provides that no deductions
are allowed for any miscellaneous itemized deductions, except for medical
expenses,2 and under section 56(b)(1)(E) no deduction is permitted for personal
exemptions in the calculation of the AMT. Following the rules of those sections,
2Specifically, sec. 67(b)(5) excludes medical deductions from the prescribed reduction of itemized deductions in arriving at the alternative minimum taxable income.
- 4 -
[*4] petitioner's alternative taxable income is $47,047 (petitioner's income less
the itemized deductions that are not allowable in the computation). This results in
a larger taxable base and $2,058 in additional tax--the AMT.
Petitioner argues that respondent has miscalculated the amount, but he does
not provide any guidance as to how the miscalculation occurred other than his
contention that respondent disallowed some of his itemized deductions.
Petitioner's argument must fail as a matter of law, and we so hold. Although
petitioner seeks his day in court, it would be of no avail because his position is
incorrect as a matter of law. Because we have found no dispute *232 as to the material
facts in this case, a trial would not provide a different result. Accordingly,
respondent's motion for summary judgment will be granted.
To reflect the foregoing,
An appropriate order and
decision will be entered for
respondent.